UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES MUCHERU, | ) | 1:07-CV-00690 OWW JMD HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| ALBERTO GONZALES, et al., | ) | |
| Respondents. | ) | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On May 8, 2007, Petitioner filed the instant petition.  At that time, Petitioner was being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") pending removal from the United States.  The petition asserts that Respondent lacks the statutory authority to indefinitely detain Petitioner and that his continuing detention violates his due process rights.

On July 23, 2007, Respondent filed a response to the petition.  Respondent claimed that Petitioner's detention was lawful and that there was a significant likelihood that Petitioner would be removed in the reasonably foreseeable future, as Respondent was "actively working with Kenya to effectuate [Petitioner's] removal." (Response at 5.)  On September 23, 2008, Respondent filed a motion to dismiss the petition as moot, claiming that Petitioner has been released from custody.

Respondent has provided the Court with a copy of the EARM Case Summary showing that Petitioner was deported to Kenya on November 14, 2007 and that his case has been closed.  (Court

Doc. 17, Ex. 1.)  The Court further notes that, on September 22, 2008, the U.S. Postal Service returned mail sent to Petitioner as undeliverable.  The envelopes were marked, "Return to Sender, Not in Custody."  (Court Docs. 15-16.)

Because Petitioner is no longer in custody, the case is moot.  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  "[F]ederal courts are without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Because the instant case is moot, the Court must dismiss the petition.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 25, 2008**          /s/ John M. Dixon
                                         UNITED STATES MAGISTRATE JUDGE